# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3571

_____

Katherine Sue Graddy

*Plaintiff - Appellant*

v.

United States Department of Homeland Security, (DHS); Janet Napolitano, in her Official Capacity as Director of Homeland Security; Michael Chertoff, in his Official Capacity as The Former Director of Homeland Security; Federal Emergency Management Agency, (FEMA); W. Craig Fugate, in his Official Capacity as Administrator of FEMA; National Transportation Safety Board; David Mayer, in his Official Capacity as Managing Director of The National Transportation Safety Board; Department of Justice, United States Secret Service; Mark Sullivan, in his Official Capacity as Director of The United States Secret Service; Green Dot Corporation; Steven Streit, Chairman of The Board Greendot Corporation; Bonneville Bancorp; J. Douglas Hristensen, in his Official Capacity as C.E.O. of Bonneville Bancorp; U.S. Bank, (ACH); PNC Bank; James Rohr, Chairman of The Board PNC Bank; MetaBank, Originally Sued As Western Union; Hikmet Ersek, President and Chairman of The Board Western Union; JPMorgan Chase Bank, NA; James Dimon, Chairman of The Board of JPMorgan Chase Bank, N.A.; AT; Verizon; Sprint; T-Mobile; Federal Communications Commission; Julius Genachowski, in his Official Capacity as Chairman of The Federal Communications Commission; David Robbins, in his Official Capacity as Managing Director of The U.S. Federal Communications Commission; Arkansas Securities Department; A. Heath Abshure, Individually and as Commissioner of Arkansas Securities Department; Theodore Holder, Individually and as Senior Staff Attorney of Arkansas Securities Department; Jim Lunsford, Individually and as a Former U.S. Treasury Agent for U.S. Department of the Treasury; Timothy F. Geithner, in his Official Capacity as Secretary of The U.S. Department of The Treasury; Henry Paulson, in his Official Capacity as Former Secretary of The United States Department of The Treasury; Financial Management Service, United States Department of the Treasury; David Lebrykin, in his Official Capacity as

Commissioner of Financial Management Service, The United States Department of The Treasury; Douglas Schulman, in his Official Capacity as Commissioner of The Internal Revenue Service, United States Department of The Treasury; Internal Revenue Service, United States Department of Treasury; Peggy Bogadi, in her Official Capacity as Commissioner of Wage and Investment Division of The Internal Revenue Service, United States Department of The Treasury; Richard E. Byrd, Jr., in his Official Capacity as Former Commissioner of The Wage and Investment Division of The Internal Revenue Service, United States Department of The Treasury; Eric K. Shinseki, in his Official Capacity as Secretary of The United States Department of Veterans Affairs; Department of Labor; Hilda L. Solis, in her Official Capacity as Secretary of The United States Department of Labor; Social Security Administration; Department of the Treasury; Department of Veterans Affairs; Michael J. Astrue, in his Official Capacity as Commissioner of the United States Social Security Administration

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 2, 2013
Filed: July 5, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Katherine Graddy appeals after the District Court[1] dismissed her pro se complaint preservice under 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

-2-

pro se complaint for failure to state a claim) and denied her post-judgment motion. Upon careful review, we find no basis for reversal. See Potthoff v. Morin, 245 F.3d 710, 716 (8th Cir. 2001) (explaining that a claim for injury to a corporation cannot be brought by a shareholder in his own name even if the injury results in devaluation of the corporation's stock); see also Fed. R. Civ. P. 42(a)(3) ("If actions before the court involve a common question of law or fact, the court may . . . issue any . . . orders to avoid unnecessary cost or delay."); United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933, 935 (8th Cir. 2006) (reviewing rulings on post-judgment motions for an abuse of discretion); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (reviewing a § 1915(e)(2)(B)(ii) dismissal de novo).

Accordingly, we affirm.

_____